[No. 2115.]

## ESSIE SARA *v.* THE STATE.

1. PRACTICE—STATEMENT OF FACTS.—The failure of the trial judge to sign the statement of facts agreed upon by both parties to the case, or to sign and file with the clerk a statement of the facts compiled by himself, deprives the appellant of a statement of facts without fault on his part, and is reversible error.
2. DISORDERLY HOUSE—EVIDENCE.—The character of a house as a disorderly house may be established by common reputation, but the proof must directly implicate the person charged with keeping it, in order to convict. See the opinion for the substance of evidence *held* insufficient to support a conviction for keeping a disorderly house.

APPEAL from the County Court of Victoria. Tried below before the Hon. R. H. Coleman, county judge.

The conviction in this case was for keeping a disorderly house, and the penalty assessed againt the appellant was a fine of one hundred dollars.

*J. L. Hill*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

HURT, JUDGE. Among other grounds it is assigned as error that the trial judge neither signed the statement of facts agreed to by counsel for both parties, nor made up such statement and filed it in the record, as required by Article 1378 of the Revised

Statutes.   Under previous holdings of this court (Johnson v. The State, 16 Texas Ct. App., 372, and cases there cited) the judgment must be reversed, the omission of the judge being without fault on the part of the appellant.

Taking the agreed statement of facts made up by counsel as a fair summary of the evidence adduced on the trial, this court feels constrained to say that the allegations of the indictment are not met by the proof.   The appellant is charged with keeping a disorderly house, and the reputation of the place is relied on to sustain the charge.   Common reputation is a legitimate source from which to draw proof to fix the character of the house, but the evidence must directly connect the person charged with the offense committed.   The testimony in this case goes to show that the reputation of the house was established by another proprietor, and at an anterior time.

The judgment is reversed and the cause remanded, because of the errors indicated.

*Reversed and remanded.*