(February 12, 1890.)

## TERRITORY v. BOWEN.

[23 Pac. 82.]

HOUSES OF PROSTITUTION—MISDEMEANOR.—To establish the fact that a house is kept for the purpose of prostitution, evidence of its general reputation as such is competent.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

No briefs filed.

D. P. B. Pride and T. D. Cahalan, for Appellant.

R. Z. Johnson, Attorney General, for the Territory.

BEATTY, C. J.—The indictment in this cause charges that the appellant "did unlawfully keep a house for the purpose of

prostitution," upon the trial of which she was found guilty of the charge; and thereupon the court rendered judgment against her of imprisonment in the county jail of Ada county for the period of four months, and that she be fined in the sum of $150. From such judgment she has prosecuted her appeal to this court, and now, without further contest here, she represents that she suffered imprisonment under such judgment for the period of three weeks before being released on bonds; that she has discontinued the offense of which she was charged, and prays the court for a modification of the judgment against her. The attorney general, representing the territory, not disputing the statement made by appellant, consents to a modification of the judgment, but claims that the law as given by the trial court should be affirmed.

The section (Rev. Stats., sec. 6842) of our statutes upon which the indictment is based provides that "every person who keeps any disorderly house, or any house for the purpose of assignation or prostitution, or any house of public resort, by which the peace, comfort, or decency of the immediate neighborhood is disturbed, or who keeps any inn in a disorderly manner, is guilty of a misdemeanor."

Under this indictment and the statute two questions are involved: Was the house referred to in the proceedings kept for the purpose of prostitution? And, Did the appellant keep it?

The first question is disposed of by establishing the character of the house. To do this it is not incumbent on the prosecution to prove particular, or any, acts of prostitution committed in the house. This, in the nature of things, would be impracticable, and generally impossible. Such acts are veiled from the public eye, and are known only to the participators therein, whose interest it is to carefully conceal them. Whatever difference of opinion may have existed on this subject, it is now settled by the weight of authority that in actions of this nature evidence of the general reputation of the house is competent and admissible to establish its character; and so we hold. (*People v. Buchanan,* 1 Idaho, 688; *Sara v. State,* 22 Tex. App. 639, 3 S. W. 339; *State v. Smith,* 29 Minn. 193, 12 N. W. 524; *Drake v. State,* 14 Neb. 535, 17 N. W. 117; *State v. Mack,* 41 La. Ann. 1079, 6 South. 808;

*Graeter v. State,* 105 Ind. 271, 4 N. E. 461; *State v. Brunell,* 29 Wis. 435.)

There was evidence to the satisfaction of the jury that the house was kept for the purpose of prostitution, and that the appellant was its keeper, which justifies the judgment, but, in consideration of the facts above stated, we direct that the trial court so modify its judgment that the sentence of imprisonment be remitted; but in all other respects the judgment is affirmed.