### THE STATE v. JAMES A. CROWDER.

1. An indictment which charges that the defendant knowingly kept a house to be used and occupied for *gambling* sufficiently describes a misdemeanor under Article 2034, Paschal's Digest.
2. The words "gambling" and "gaming" must be regarded equivalent in their meaning, under Article 2034, Paschal's Digest, which declares that any act that would be deemed a nuisance at common law may be punished as a misdemeanor.

APPEAL from Hopkins. Tried below before the Hon. W. H. Andrews.

The indictment charged that James A. Crowder "unlawfully and knowingly kept a house to be used and occupied for gambling." Crowder excepted to the indictment, on the ground that it charged no offense known to the law, which was sustained, and the State appealed.

*Browne*, for appellant, insisted that the indictment was good, because the keeping of a gaming house was an offense at common law punishable as a nuisance, and whatever was deemed to be a nuisance at common law is punishable under our statute as a misdemeanor, citing Russell on Crimes, Vol. 1, p. 323; 3 Denio, 101; Paschal's Digest, Art. 2034.

WALKER, J.—The sufficiency of the indictment in this case depends upon whether the word gambling may be

substituted for the word gaming, as adjectives qualifying the noun "house." We think the words are equivalent in this sense, under Article 2034, Paschal's Digest, which declares that any thing or act that would be deemed a nuisance at common law shall be indictable as a misdemeanor under the statute. This indictment is good, and the court erred in quashing it.

The judgment is therefore reversed and the cause remanded.

REVERSED AND REMANDED.