[No. 7642.  Decided November 10, 1908.]

The State of Washington, *Appellant*, v. George
Shanklin et al., *Respondents.*[1]

Gaming — Keeping Gambling Resort — Elements of Offense—
Pool Selling. The keeping and having in charge of a public house
or resort and engaging in betting, winning, and losing money in
selling pools on horse races to persons congregating and resorting
in such place for that purpose, may be informed against under Bal.
Code, § 3096, providing that all public houses or places of resort
where gambling is carried on or permitted are nuisances, and that
the owners or keepers are punishable therefor as thereinafter pro-
vided; and this, whether or not selling pools on horse races is
"gambling" within Bal. Code, § 7260, defining gambling and pre-
scribing a punishment therefor; since the acts defined are not the
only ones that constitute gambling.

Appeal from a judgment of the superior court for Pierce
county, Snell, J., entered June 22, 1908, dismissing a prose-
cution for keeping a gambling resort, after sustaining a de-
murrer to the information.    Reversed.

*H. G. Rowland* and *Lorenzo Dow,* for appellant.

*Burkey, O'Brien & Burkey* and *C. O. Bates,* for respond-
ents.

Root, J.—Respondents were prosecuted upon an informa-
tion which, omitting the formal parts, was as follows:

"That the said George Shanklin, Frank Moon and William
Quinn, in the county of Pierce, in the state of Washington,
on or about the third day of April, nineteen hundred and
eight, and at divers times before said date, wilfully and un-
lawfully did own, run, maintain, operate, keep and be in
charge of a certain public house and place of resort within
the city of Tacoma, county of Pierce, and state of Washing-
ton, then and there being known as Tacoma Turf Exchange,
and numbered 1213½ Pacific avenue, in said city of Tacoma,
where gambling was then and there being carried on and

[1]Reported in 97 Pac. 969.

permitted by them, the said George Shanklin, Frank Moon and William Quinn, in that the said George Shanklin, Frank Moon and William Quinn did then and there engage for gain in betting, winning and losing money in selling pools on horse races, and where divers and sundry persons were permitted to congregate and resort to buy pools and to bet upon said horse races, to the common nuisance of all the people of said state, then and thereabouts being, contrary to the form of the statute, etc."

To this information they interposed a demurrer which was by the trial court sustained, and thereupon the action was dismissed and defendants discharged. From this order sustaining the demurrer, dismissing the case and discharging the defendants, the state appeals.

The action is evidently brought under § 3096 of Bal. Code (P. C. § 1871). A portion of this section reads as follows:

"All public houses or places of resort where gambling is carried on or permitted . . . are nuisances, and may be abated, and the owners, keepers, or persons in charge thereof, and persons carrying on such unlawful business, shall be punished as provided in this article."

The next section of the statute provides the punishment. It is contended by respondents, and their view was evidently entertained by the trial court, that gambling as defined in Bal. Code, § 7260 (P. C. § 1877), does not include betting, or selling pools, upon horse races, and that such acts are not "gambling" within the purview of the law of this state; and that not being gambling, the conducting of a place where these things are done and permitted does not render the keepers of such places subject to the section of the statute above quoted.

We do not think this position tenable. It is possible, but we do not so decide at this time, that betting upon a horse race or selling pools thereon may not be covered by Bal. Code, § 7260 (P. C. § 1877), but we do not understand that the acts therein mentioned are the only ones that constitute gambling. The terms "gaming" and "gambling" in the administration

and interpretation of criminal laws are usually regarded as synonymous. Under the old common law, gaming, when not so public as to constitute a nuisance, seems not to have been a criminal offense; but the keeping of a place where gaming was carried on was an indictable offense. In many of the states, betting on a horse race constitutes gambling. We think there can be little doubt that selling pools on a horse race is commonly understood to be and is regarded as gambling, and that in construing § 7260 (P. C. § 1877), it is but fair to assume that the legislature used the term "gambling" in its ordinary, general sense, and contemplated and intended the statute to comprehend acts of this character, whether such acts were in themselves criminal or otherwise. *State v. Nease*, 46 Ore. 433, 80 Pac. 897; *State v. Ayers* (Ore.), 88 Pac. 653; *Swigart v. People*, 50 Ill. App. 181; *Edward v. State*, 76 Tenn. 411; *People v. Weithoff*, 51 Mich. 203, 47 Am. Rep. 557; *Bell v. State*, 37 Tenn. 507; *Randolph v. State*, 9 Texas 521; *Foster v. State*, 84 Ala. 451; 14 Am. & Eng. Ency. Law (2d ed.), pp. 665, 666, 682.

The judgment of the honorable superior court is reversed, and the cause remanded with instructions to proceed with the prosecution.

DUNBAR, MOUNT, RUDKIN, and FULLERTON, JJ., concur.
HADLEY, C. J., and CROW, J., took no part.