## CHRISTISON v. STATE OF INDIANA.

[No. 22,070.     Filed April 17, 1912.]

1. GAMING.—*Visiting Gambling House.—Statute Construed.*—The exception as to physicians in §2371 Burns 1908, §470 Acts 1905 p. 584, relates only to the offense of visiting a house of ill-fame or assignation stated in the first part of said section, and need not be negatived in a prosecution for visiting a gaming house. p. 365.

2. CRIMINAL LAW.—*Affidavit.—Visiting Gambling House.—Sufficiency.*—An affidavit charging the offense of visiting a gambling house under §2371 Burns 1908, §470 Acts 1905 p. 584, is sufficient, if couched in the language of the statute, without a particular description of the house or the defendant's purpose in visiting it.   p. 365.

3. STATUTES.—*Title. — Criminal Statutes. — Sufficiency.* — Section 2371 Burns 1908, §470 Acts 1905 p. 584, making it a public offense to visit a house of prostitution or a gambling house is not unconstitutional as not being embraced in the title of the act. p. 365.

4. GAMING.—*Visiting Gambling House.—Evidence.—Sufficiency.*— Evidence that defendant, together with men known to be gamblers, was arrested about 1 o'clock at night in a room over a saloon, that the place was reputed to be a gambling house, and that the police gained access only by forcing the door, is sufficient in the absence of testimony in behalf of defendant to sustain a conviction for visiting a gambling house.   p. 365.

5. GAMING.—*Visiting Gambling House.—Character of House.—* Proof that a house bears the reputation of being a gambling house is sufficient to establish its character as such.   p. 366.

From the Criminal Court of Marion County, (38,813); *Joseph T. Markey,* Judge.

Prosecution by the State of Indiana against Ora Christison. From a judgment of conviction, the defendant appeals. *Affirmed.*

*William E. Riley, Groninger & Groninger,* for appellant. *Thomas M. Honan,* Attorney-General, *Edwin Corr, Thomas H. Branaman* and *James E. McCullough,* for the State.

Cox, J.—Appellant was tried in the city court of the city of Indianapolis for the offense of visiting a gaming house, and convicted. On appeal from that conviction to the Criminal Court of Marion County he was tried on the same affidavit by the court, again convicted, and adjudged to be fined $10 and imprisoned in the county jail ten days. From this judgment he appeals here, and assigns as errors the overruling of his motion to quash the affidavit and his motion for a new trial.

Section 2371 Burns 1908, Acts 1905 p. 584, under the provisions of which appellant was charged and convicted, reads as follows: "Whoever, being a male person, frequents or visits a house or houses of ill-fame or of assignation, except as a physician to treat a patient or patients, or associates with women known or reputed as prostitutes, or frequents or visits a gambling house or houses, or is engaged in or about a house of prostitution, shall, on conviction, be fined not less than ten dollars nor more than one hundred dollars, and shall be imprisoned in the county jail not less than ten days nor more than sixty days."

Omitting the caption and preliminary matter, the affidavit against appellant charges, "that Ora Christison being then and there a male person, late of said city and county, on or about the 15th day of February, 1910, at and in the city and county aforesaid, did then and there unlawfully visit a

certain gambling house there situated contrary to the form of the statute," etc.

The first objection to the affidavit is that it fails to negative the exception found in the section above set out, "except as a physician to treat a patient or patients."

1. This was not necessary. The exception manifestly has no relation whatever to the offense of visiting a gambling house, but only to the entirely separate and distinct offense of visiting a house of ill-fame or assignation, stated in the first part of the section.

A further objection to the affidavit it that it does not particularly describe the gambling house which appellant was charged with visiting. This objection cannot be sus-

2. tained. Nor can the further one, that the affidavit should have charged appellant with the purpose of gaming. It was not necessary more particularly to describe the alleged gambling house, or appellant's purpose in visiting it. The affidavit charged that the visiting was unlawful, and it was couched in the language of the statute, and this was sufficient. *Johnson* v. *State* (1895), 13 Ind. App. 299, 41 N. E. 550; *Betts* v. *State* (1884), 93 Ind. 375; *Donovan* v. *State* (1908), 170 Ind. 123, 128, 83 N. E. 744, and cases cited.

As a final objection to the affidavit, it is claimed that it is founded on a section of the public offenses act which is unconstitutional and void, because not embraced in the

3. title of the act. This objection is so entirely groundless that merely stating the title of the act, which is "An act concerning public offenses," answers the objection.

The ground of appellant's contention, that the court erred in overruling his motion for a new trial, is that the evidence was not sufficient to sustain the conviction. The tes-

4. timony given in support of the State's case showed that appellant was arrested about 1 o'clock at night, together with several other men, at least three of them known to be gamblers, in an upstairs room over a saloon.

The place, the testimony showed, was reputed to be a gambling house, and the police officers gained access to it only by forcing the door. No testimony was offered in behalf of appellant. That appellant was at the place, and therefore visited it, is conceded; but it is contended that the character of the place as a gambling house is not established by

5.   proof that it bore that reputation, and that some of appellant's fellow visitors were gamblers. The law is contrary to appellant's contention. *Betts* v. *State, supra; Graeter* v. *State* (1886), 105 Ind. 271, 274, 4 N. E. 461; *Winslow* v. *State* (1892), 5 Ind. App. 306, 32 N. E. 98; *State* v. *Hull* (1893), 18 R. I. 207, 26 Atl. 191, 20 L. R. A. 609 and note; Underhill, Crim. Ev. §475.

Finding no error in the record, the judgment is affirmed.

Note.—Reported in 98 N. E. 113. See, also, under (1) 20 Cyc. 901; 22 Cyc. 344; (2) 20 Cyc. 900; (3) 36 Cyc. 1035; (4 and 5) 20 Cyc. 914. On the question of the offense of keeping a gaming house as affected by restrictions on admissions, see 33 L. R. A. (N. S.) 549.