Note.—Reported in 108 N. E. 516. See, also, 32 Cyc. 734; 22 Cyc. 352.

## Eley v. State of Indiana.

[No. 22,729.   Filed April 14, 1915.]

PROSTITUTION.—*Keeping House of Ill-fame.—Affidavit.*—An affidavit under §2357 Burns 1914, Acts 1905 p. 584, §460, charging that defendant "did then and there unlawfully keep a house of ill-fame, which was then and there resorted to for the purpose of prostitution and lewdness by persons, who were then and there of bad reputation for chastity and virtue", substantially follows the statute and is sufficient.

From Randolph Circuit Court; *James S. Engle,* Judge.

Prosecution by the State of Indiana against Carolina Eley. From a judgment of conviction, the defendant appeals. *Affirmed.*

*John W. Newton* and *George H. Ward,* for appellant.

*Richard M. Milburn,* Attorney-General, *Bert E. Woodbury, Horace M. Kean, Leslie R. Naftzger, Omer S. Jackson, Michael A. Sweeney* and *Wilbur T. Gruber,* for the State.

Cox, J.—Appellant was prosecuted by affidavit and convicted of keeping a house of ill-fame. §2357 Burns 1914, Acts 1905 p. 584, §460. She has appealed from that conviction and relies for reversal on the action of the trial court in overruling her motions to quash the affidavit and in arrest of judgment. The motion to quash was based on alleged lack of certainty in averring the facts in particulars set out in the motion. The motion in arrest of judgment was on the ground that the facts stated were not sufficient to constitute a public offense. Omitting the formal parts,

the affidavit contained allegations that appellant "did then and there unlawfully keep a house of ill-fame, which was then and there resorted to for the purpose of prostitution and lewdness by persons, who were then and there of bad reputation for chastity and virtue". The affidavit is sub stantially in the words of the statute. That such a charge of a statutory offense of this character is sufficient is well settled. *Betts* v. *State* (1884), 93 Ind. 375; *Graeter* v. *State* (1886), 105 Ind. 271, 4 N. E. 461; *Woodward* v. *State* (1910), 174 Ind. 743, 93 N. E. 169; *Donovan* v. *State* (1908), 170 Ind. 123, 83 N. E. 744; *State* v. *Bridgewater* (1908), 171 Ind. 1, 85 N. E. 715; *State* v. *Closser* (1913), 179 Ind. 230, 238, 99 N. E. 1057; *Christison* v. *State* (1912), 177 Ind. 363, 98 N. E. 113; *Lipschitz* v. *State* (1912), 176 Ind. 673, 96 N E. 945.

The judgment is affirmed.

NOTE.—Reported in 108 N. E. 516. As to when charge of crime in indictment may be in the language of the statute, see 94 Am. Dec. 253. See, also, 32 Cyc. 734; 22 Cyc. 336.