## State of Indiana v. Frederick.

[No. 22,785. Filed October 7, 1915.]

1. Gaming.—*Visiting Gambling House.—Indictment.—Sufficiency.*
   —A charge of visiting a gambling house couched in the language
   of the statute (§2371 Burns 1914, Acts 1905 p. 584, §470), is suffi-
   cient. p. 510.
2. Gaming.—*Visiting Gambling House.—Indictment.—Sufficiency.*
   —*"Gaming House".*—Under §2371 Burns 1914, Acts 1905 p. 584,
   §470, fixing a penalty for visiting a gambling house, an indict-
   ment charging defendant with visiting a "gaming house" was suf-
   ficient, in view of §2045 Burns 1914, Acts 1905 p. 584, §174, pro-
   viding that words used in a statute to define a public offense need
   not be strictly pursued and that words conveying the same mean-
   ing may be used, since "gaming house" is synonymous with "gam-
   bling house", and means a house kept for the purpose of permit-
   ting persons to gamble for money or other valuable thing. p. 510.

From Knox Circuit Court; *Benjamin W. Willoughby,*
Judge.

Prosecution by the State of Indiana against Charles Fred-
erick. From a judgment quashing the indictment, the State
appeals. *Reversed.*

*Richard M. Milburn,* Attorney-General, *Joseph W. Kim-
mell, Horace M. Kean, Leslie R. Naftzger, Omer S. Jackson,*
*Michael A. Sweeney* and *Wilbur T. Gruber,* for the State.

Morris, J.—Appellee was indicted for visiting a gaming
house. The first count charges that he did "unlawfully
visit a certain gaming house * * * then * * * oc-

cupied by Jacob Froelke". The second and third counts were nollied. Appellee moved to quash the first count, and his motion was sustained. This appeal presents the sole question of the correctness of such ruling. The indictment is based on §2371 Burns 1914, Acts 1905 p. 584, §470, which fixes a penalty against a male who "visits a gambling house". The appellee has filed no brief, but we are informed by that of the Attorney-General that the count was quashed because it charges appellee with unlawfully visiting a "gaming house", whereas the statute denounces the act of visiting a "gambling house". Under this section, a charge in

1. the language of the statute is sufficient. *Christison* v. *State* (1912), 177 Ind. 363, 98 N. E. 113. Section 2045 Burns 1914, Acts 1905 p. 584, §174, provides

2. that "words used in the statute to define a public offense need not be strictly pursued, but other words conveying the same meaning may be used". It follows that if under the statute, gaming house and gambling house mean the same, the indictment charges a public offense. The keeping of a gaming house was a common-law offense. 4 Blackstone, Comm. 168. It is denounced by §2466 Burns 1914, Acts 1905 p. 584, §557. Bouvier's Law Dictionary defines gaming houses as "houses kept for the purpose of permitting persons to gamble for money or other valuable thing". The New Standard Dictionary defines gaming as "The act of playing games for stakes; gambling". The Century Dictionary gives a like definition. A consideration of the several sections of our statute relative to gaming and gambling convinces us that the legislature has used the words "gaming" and "gambling" interchangeably. §§2173, 2466, 2474, 1923, 2112, 2467 Burns 1914, Acts 1905 p. 584. In the opinion in *Christison* v. *State, supra,* this court, in stating the case, says that the appellant there was convicted of the offense of "visiting a gaming house". Other courts, in dealing with similar statutes, have decided that the words are synonymous. *State* v. *Dyson* (1890), 39 Mo. App. 297;

*Evans* v. *Cook* (1876), 11 Nev. 69; *In re Smith* (1895), 54 Kan. 702, 39 Pac. 707; *McBride* v. *State* (1897), 39 Fla. 442, 22 South. 711; *State* v. *Shanklin* (1908), 51 Wash. 35, 97 Pac. 969; *State* v. *Crowder* (1873), 39 Tex. 47.

Judgment reversed, with instructions to overrule the motion to quash.

Note.—Reported in 109 N. E. 747. As to games and devices for gambling, see 121 Am. St. 693. See, also, under (1) 20 Cyc. 900; (2) 20 Cyc. 898.