## SULLIVAN *v.* STATE OF INDIANA.

[No. 24,624.   Filed May 9, 1928.]

*Leffler, Ball & Leffler,* for defendant.

*U. S. Lesh,* Attorney-General, and *O. S. Boling,* for the State.

PER CURIAM.—Appellant, in the court below, was indicted, tried by a jury and convicted of keeping a house of ill fame. Judgment on the verdict. He has appealed and assigned as errors the overruling of his motion to quash the indictment; the overruling of his motion for a new trial; and, the overruling of his motion in arrest of judgment.

The statute defining the offense with which appellant was charged provides that, "Whoever keeps a house of ill fame, resorted to for the purpose of prostitution or lewdness, . . . shall be fined," etc. §2562 Burns 1926.

That part of the indictment material to the questions raised by the motions to quash and in arrest of judgment states that appellant "at and in the County of Delaware, State of Indiana, did then and there unlawfully keep a house of ill fame, which was then and there, and during all of said time resorted to for the purpose of prostitution and lewdness by persons, male and female, who were then and there of bad reputation for chastity and virtue."

Appellant insists that he was not charged with a public offense, in that the indictment fails to state that he kept a house of ill fame in the city of Muncie, Delaware County, Indiana, or to sufficiently locate the place where the house was kept; that it fails to name the persons who resorted to the house for lewd purposes, or to state

that the names of such persons were unknown to the grand jury.

The allegations of the indictment at bar are substantially the same as those used in the affidavit in the case of *Eley* v. *State* (1915), 183 Ind. 161, 108 N. E. 516, and upon the authority of that case the rulings of the trial court on the motions to quash and in arrest of judgment were correct. See, also, *Winegardner* v. *State* (1914), 181 Ind. 525, 104 N. E. 969; *State* v. *Bridgewater* (1908), 171 Ind. 1, 5, 85 N. E. 715; *Donovan* v. *State* (1908), 170 Ind. 123, 83 N. E. 744.

The admission of certain evidence over objection, verdict contrary to law and not sustained by sufficient evidence, are causes relied upon by appellant in his motion for a new trial.

Without objection or motion to strike out the answer, an inmate of the Indiana Girls' School, and the first witness for the state, without any foundation therefor was asked if she knew the location of the house "kept by John Sullivan during the latter part of the year 1922." Answer, "Yes, sir," and in answer to further questions, identified the house by a sign on it and gave its location by street number and name of street; passed it many times but was never in it but the one time. The second witness for the state, said to be the probation officer for the circuit and juvenile courts of Delaware County, on her original examination, without any preliminary showing, was permitted to answer in the affirmative, over objection, the question if she knew "where the house was located during the time from the first day of October, 1922, until the first day of January, 1923, that was kept by John Sullivan," and to answer in the affirmative the further question, over objection, if she was "acquainted with the general reputation of the house at 401 East Willard street, kept by John Sullivan from the first of October, 1922, until the first day of January, 1923, as to

being or not being a house of prostitution." Both of these witnesses testified that they did not know appellant, nor had either ever seen him in, around or about the house in question, unless he was the man seen by the first witness under the circumstances when she, with three others, a girl and two men, at about 8 o'clock in the evening of December 24, 1922, went to the house and was met at the door by a lady with a baby in her arms, from whom one of the men rented a room, for what length of time she did not know, but from other uncontradicted evidence it appears that the rental was for one-half week, for which $2.50 was paid. This witness also stated that at about 9 o'clock in the evening, and while she was in bed, a man she supposed was Sullivan came to the door of the room and, on being admitted, asked that they register. The room "was rather dark," no light other than "reflection from the stove." which was away from the man. Never saw him before or afterwards, and "I am not sure" who he was, although he looked like the defendant, but didn't know whether it was Mr. Sullivan or not. From other uncontradicted testimony, it appears that the house in question had twelve rooms and bath; that it was owned by appellant and for a rental of $60 a month was leased to a man whose wife was the lady with the baby in her arms. On the porch was a sign "Light housekeeping rooms." The house had two two-room apartments and a single upstairs, and downstairs three two-room apartments and a single. The lessee, with his wife and three children, occupied one apartment and the single downstairs and sublet the other apartments for $5 a week. There is also testimony that the lessee was not at the house when the Christmas Eve party obtained the room, but was the man whom the state's witness later saw there.

Appellant was charged with keeping a house of ill fame. He was not charged with knowingly letting or

knowlingly permitting a house, by him let, to be ■ so kept. In order to sustain a conviction in this case, there must be legal evidence tending to support the ultimate essential fact that appellant kept the house.

Directing our attention to the questions put by the state and the answers thereto of the second witness to which we have referred, we are well convinced ■ that they were influential on an issue to be determined by the jury, and being improper they will be presumed to have been prejudicial. *Davis* v. *Cox* (1912), 178 Ind. 486, 99 N. E. 803.

It is often shown by the record that this presumption is overcome and rendered ineffectual (*Ohio Valley Trust Co.* v. *Wernke* [1912], 179 Ind. 49, 55, 99 N. E. ■ 734), but it does not so appear in the instant case.

Hence, it was error to overrule the objections for several reasons, among which are: (1) The questions in form were double; (2) it improperly assumed a fact in issue which was for the jury alone, and for the same reason, the question and the answer of the first witness relative to one who kept the house was objectionable. But, in view of the record at bar, we must regard that question and answer as properly before the jury (*Lucas* v. *State* [1910], 173 Ind. 302, 90 N. E. 305) and consider it with all the other testimony given by this witness, and this done, it unquestionably appears that the witness was deceived into an affirmative answer to a question which included a statement she knew nothing about.

We have mentioned all of the evidence directed to the issue of who kept the house. We have endeavored to analyze it favorably to the state, but when the ■ improper evidence of the second witness is excluded, that which remained tending to show that appellant kept the house amounted to no more than a mere scintilla of proof. The scintilla of evidence rule

does not obtain in this jurisdiction. The settled rule in this state requires that the material facts in issue be supported by some evidence, and this question is one of law reviewable on appeal. *Nordyke & Marmon Co.* v. *Whitehead* (1914), 183 Ind. 7, 106 N. E. 867.

This court will not weigh evidence, nor will it say that a mere spark or trifle is sufficient to sustain an issuable fact. *Wright* v. *Bertiaux* (1903), 161 Ind. 124, 129, 66 N. E. 900.

There was evidence by two police officers tending to show that during the time covered by the indictment, the house in question was reputed to be a house of ill fame, but this evidence, together with evidence showing that appellant was the owner thereof, under all the circumstances of this case, will not alone warrant a finding that appellant kept the house. The other questions presented may not arise upon a retrial, but for the reasons suggested, the judgment must be reversed.

Judgment reversed, with instructions to the trial court to sustain appellant's motion for a new trial, and for further proceedings.