RIGGS *v.* STATE OF INDIANA.

[No. 29,545. Filed February 6, 1958.]

*Randolph H. Mayes,* of Terre Haute, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Merl M. Wall,* Deputy Attorneys General, for appellee.

BOBBITT, J.—On June 4, 1954 appellant was charged by affidavit with rape of a child under the age of 16 years under Acts 1941, ch. 148, §3, p. 447, being §10-4201, Burns' 1946 Replacement. He was tried on December 29, 1954 by the court, without the intervention of a jury, found guilty and sentenced to the Indiana State Prison for a term of 2 to 21 years. This judgment was reversed and a new trial ordered on appeal from the denial of a writ of error *coram nobis* after appellant had served 19 months, less three days, of the sentence of 2 to 21 years. See: *Riggs* v. *State* (1956), 235 Ind. 499, 135 N. E. 2d 247.

On February 15, 1957 appellant was retried and found guilty of assault and battery with intent to commit a felony and sentenced to the State Prison for a term of 1 to 10 years, and it is from the judgment in the second trial that the present appeal is prosecuted.

The sole question presented is the sufficiency of the evidence to sustain the finding of the court.

The presumption of innocence followed the appellant herein, when he was charged with crime, until, by the evidence, he was proven guilty beyond a reasonable doubt.

From a careful examination of the evidence in the record before us, it appears that sometime during the year 1947 or 1951 appellant, who was 42 years of age at the time of the trial herein, and unmarried, took the prosecuting witness, Phyllis, with the consent of her parents, to live with him as his daughter. The girl's mother, a witness for the State, testified that Phyllis was five years of age when she went to live with appellant, and Phyllis testified that she was nine years of age at the time. Appellant then lived in a boarding house in Terre Haute where he continued to live for 12 years. Phyllis slept in her own bed in the room with appellant at the boarding house during the time she lived with him as his daughter. He provided her with clothes, shelter and food during this period.

The offense charged in the affidavit is alleged to have been committed on May 15, 1954. On June 1, 1954, a physician who testified as a witness for the State, examined the prosecuting witness. He was not called by the State in the first trial, but testified at the second trial that the genital area of the prosecuting witness was about average for a 12-year-old girl, and that there was a "perforation in the hymen" but he could not say whether or not it had been caused by sexual intercourse. This witness further testified that while the perforation might have been caused by someone attempting intercourse, there were no lacerations or abrasions present, and that a juvenile might have had intercourse with her but it would not have been possible for an adult.

The prosecuting witness testified that appellant had attempted intercourse with her but she could not give any specific or approximate date when such an attempt was made.

A 17-year-old brother of the prosecuting witness testified that he had sexual intercourse with her on May 15, 1954, which was the date on which the act charged in the affidavit allegedly occurred and was two weeks prior to her examination by the doctor above mentioned. In *Baker v. State* (1956), 236 Ind. 55, 138 N. E. 2d 641, 645, this court said:

> ". . . if no reasonable man could find the evidence has proved an accused guilty beyond a reasonable doubt, a verdict would not be sustained by sufficient evidence.
>
> "When we carefully examine the cases decided in the long history of this court which have reversed convictions because they were not sustained by sufficient evidence, it is apparent that the court was applying a test that some material allegation had not been proved by substantial evidence so that no reasonable man could say this issue had been proved beyond a reasonable doubt."

See also: *Penn v. State* (1957), 237 Ind. 374, 146 N. E. 2d 240.

The conviction here cannot be sustained except upon a finding of guilty beyond a reasonable doubt. It then becomes our duty, as a matter of law, to decide whether the evidence was sufficient to cause reasonable men to believe that appellant was guilty beyond a reasonable doubt. In "resolving that question the court undoubtedly can pass on the credibility of the testimony to the extent of determining whether it was substantial in the sense above explained." *State v. Gregory* (1936), 339 Mo. 133, 143, 96 S. W. 2d 47, 52. See also: *Baker v. State, supra; Penn v. State, supra.*

Without reciting more of the vague, inconclusive and revolting evidence which appears in the record, it is our opinion that, considering only that most favorable to the State, there is not sufficient substantial evidence upon which any prudent man

could find that appellant had been proven guilty beyond a reasonable doubt. "In such a case the issue becomes one of law for the decision of this court." *Baker* v. *State, supra.*

The trial court's finding was contrary to law and it was error to overrule the motion for a new trial.

The judgment of the trial court is reversed with instructions to grant appellant's motion for a new trial.

Emmert, C. J., Landis and Achor, JJ., concur.

Arterburn, J., concurs in result.

NOTE.—Reported in 147 N. E. 2d 579.