ZWICK *v.* STATE OF INDIANA.

[No. 30,977. Filed April 19, 1968.]

*Ralph R. Blume,* and *Nieter, Smith, Blume, Wyneken & Dixon,* of Fort Wayne, for appellant.

*John J. Dillon,* Attorney General, and *Donald R. Ewers,* Assistant Attorney General, for appellee.

JACKSON, J.—This is an appeal from a judgment in the Allen Circuit Court in which the appellant, Richard L. Zwick, was found guilty of the offense of the illegal sale of fireworks, as charged in the affidavit, and fined in the sum of one hundred dollars ($100.00) and costs.

This action was commenced by the filing of an affidavit in the city court of the City of Fort Wayne, Indiana, charging

the appellant with "Illegal Sale of Fireworks." Such affidavit, in pertinent part, reads as follows, to-wit:

"Undersigned, being duly sworn, upon oath, says: That on or about the 3 day of July, A.D., 1965, at the County of Allen and in the State of Indiana, said Defendant, Richard L. Zwick did then and there unlawfully, offer for sale, expose for sale and sell fireworks, to-wit: 10 pkg. 1½" Zebra Firecrackers, 3 Buzz bombs with plastic propellers, 2 United repeating bombs, 2-6" floral shells #2, to one John Dixie contrary to the form of the statute in such case made and provided."

On September 16, 1965, appellant was bound over to the circuit court.

Thereafter, the cause was by agreement set for trial on January 3, 1966. On that date appellant appeared in person and by counsel, waived arraignment, entered a plea of not guilty to the offense charged in the affidavit and waived trial by jury.

Thereupon, the cause was submitted to the court for trial, finding and decree without the intervention of a jury. The State introduced its evidence and rested. The appellant took the stand in his own behalf, submitted his evidence and rested. The court, having heard the evidence, and being duly advised in the premises, found appellant guilty of the offense of the illegal sale of fireworks, as charged in the affidavit. The court thereupon pronounced judgment on the finding to the effect that "the defendant, Richard L. Zwick, is guilty of the offense of Illegal Sale [of] Fireworks, as charged in the affidavit, and that he be fined in the penal sum of One Hundred ($100.00) Dollars, and that he pay and satisfy the costs herein taxed."

Thereupon appellant indicated he would file a motion for a new trial. Thereafter, on January 31, 1966, appellant filed his Motion For New Trial. Such motion contained the following two grounds:

"1. The decision of the Court is not sustained by sufficient evidence.

2. The decision of the Court is contrary to law."

Appellant's motion for new trial was overruled February 23, 1966.

Appellant's Assignment of Errors was the single specification,

"1. The Court erred in overruling appellant's Motion For A New Trial."

This prosecution is based upon Acts 1939, ch. 154, p. 727, as amended, being §§ 20-1101 et seq. Burns' 1964 Repl. The penal section of the act is found at § 20-1102 which in pertinent part provides:

"Except as hereinafter provided it shall be unlawful for any person, firm, copartnership, or corporation to possess or transport within the state for use; to offer for sale, expose for sale, sell at retail, or explode any fireworks. . . ."

Fireworks are defined by § 20-1101 which reads as follows:

"The term fireworks shall mean and include any combustible or explosive composition, or any substance or combination of substances, or articles prepared for the purpose of producing a visible or an audible effect by combustion, explosion, deflagration or detonation, and shall include blank cartridges, toy pistols, toy cannons, toy canes, or toy guns in which explosives are used, the type of ballons which require fire underneath to propel the same, firecrackers, torpedoes, skyrockets, Roman candles, Daygobombs or other fireworks of like construction and any fireworks containing any explosive or flammable compound, or any tablets or other device containing any explosive substance: Provided, that the term 'fireworks' does not include fixed ammunition for firearms and primers therefor, and shall not include gold star producing flitter sparklers on wires which contain no magnesium, chlorate or prechlorate flitter sparklers in paper tubes that do not exceed one-eighth (⅛) of an inch in diameter, toy snakes which contain no mercury, toy pistols, toy canes, toy guns, or other devices in which paper caps, manufactured in accordance with United States interstate commerce commission regulations regulating the packing and

shipping of toy paper caps, are used, and toy pistol paper caps which are manufactured as provided herein, the same and use of which shall be permitted at all times."

Appellant argues that the finding of the trial court is contrary to law because it is not sustained by sufficient evidence. A summary of the evidence most favorable to the State shows that on the morning of Saturday, July 3, 1965, John Dixie went to the Killian Fireworks Company on Goshen Road outside the City of Fort Wayne to purchase some fireworks. Before Dixie entered the plant to make the purchase, he had a conversation with the appellant who is the president of Killian. Dixie informed appellant that he intended to take his purchase out of the state. Dixie signed a card to the effect that the merchandise would be used in the State of Ohio. Dixie then entered the plant, selected several items and took them to appellant's wife who computed the cost. Dixie paid appellant and then went to his car. Paul Goodwin, Chief of the Fire Prevention Bureau of the Fort Wayne Fire Department, and Allen County Deputy Sheriff Wayne Morrical who had observed the transaction followed Dixie to his car where they obtained his name and address. Morrical then placed appellant under arrest for illegal sale of fireworks. At some later time Morrical determined that Dixie had purchased "10 boxes of 1½-inch zebra firecrackers, 3 buzz bombs, two United repeating bombs, 2 6-inch floral shells No. 2."

There is no substantive evidence in the record upon which the trial court could have based its decision that the articles sold by appellant were prohibited "fireworks" within the definition of that term set forth in § 20-1101, *supra*.

Penal statutes should be strictly construed against the State and in favor of the accused. *Murray* v. *State* (1957), 236 Ind. 688, 143 N. E. 2d 290; *Kelley* v. *State* (1954), 233 Ind. 294, 119 N. E. 2d 322.

On appeal the reviewing court in a criminal case must determine whether or not there is substantive evidence in the

record to support the required material facts essential to a conviction. *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641; *Riggs* v. *State* (1958), 237 Ind. 629, 147 N. E. 2d 579; *Sullivan* v. *State* (1928), 200 Ind. 43, 161 N. E. 265.

From a review of the statute it is apparent that the word "firecrackers" has no exclusive independent meaning under the statute. It is modified and limited by the words "articles prepared for the purpose of producing a visible or audible effect by combustion, explosion, deflagration or detonation."

None of the witnesses described the articles involved or in any way defined or explained what they meant by the terms used in their testimony. Clearly there is no evidence whatsoever in fact or by reference that the items mentioned by the witnesses were "articles prepared for the purpose of producing a visible or audible effect by combustion, explosion, deflagration or detonation" as required by the statute.

Without substantial factual evidence in the record to prove that the articles sold by appellant were within the statutory definition of "fireworks" the conviction below must be reversed. *Riggs* v. *State* (1958), 237 Ind. 629, 147 N. E. 2d 579; *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641.

In view of the decision we must reach herein we deem it unnecessary to further extend this opinion by a discussion of the other points properly saved and raised by the appellant.

The judgment is reversed and cause remanded with instructions to sustain appellant's Motion For New Trial.

Lewis, C. J. and Mote, J. concur; Hunter, J. concurs in result; Arterburn, J. dissents.

NOTE.—Reported in 236 N. E. 2d 26.