THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RALPH R. ROSS, Defendant-Appellant.

Second District    No. 79-4

Opinion filed March 19, 1980.

Mary Robinson and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and. Barbara A. Preiner, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

Defendant, Ralph R. Ross, appeals from his conviction for the offense of unlawful sale of fireworks in violation of "An Act to prohibit the sale, offering or exposing for sale of fireworks" (Ill. Rev. Stat. 1977, ch. 127½, par. 128) and sentence of six months periodic imprisonment and $500 fine. He raises as the sole issue on appeal the sufficiency of the evidence to establish beyond a reasonable doubt that the devices involved in the sale constituted prohibited "fireworks" as defined by statute.

The State presented evidence that in early May 1977, defendant had encountered two boys looking for wood near a construction site and offered to sell them a gross of devices described as "M-80s" for $30. Defendant handed the boys two red cylindrical devices with fuses protruding from them and then entered a house across the street. One of the boys, 12-year-old Donald Chomiak, reported the incident to his parents and was taken by his father to the Darien police station. Investigator Terry Abma of the Darien police department obtained the consent of Donald and his father to participate in a purchase from defendant, at which time Donald was furnished $30 in currency and transported to a point near defendant's home. As Investigator Abma watched from a point across the street, Donald met defendant at the doorway of the home and exchanged the money for two bags which were later determined to contain a total of 144 red fused cylinders. Abma subsequently took possession of the bags and transported them to the police station where they were inventoried. On the following day, Abma removed two devices from one of the bags. While one was sent to the crime lab for analysis, no report of this analysis was offered in evidence at trial. Investigator Abma took the second device out behind the police station and lit it. He threw the device into an open area, approximately 30 feet from where he was standing, where it detonated with a loud report, leaving a burnt area approximately 6 inches in diameter on the grass. The devices themselves were then introduced into evidence, but no other evidence was received to establish the nature of their contents.

The term "fireworks" is defined by statute (Ill. Rev. Stat. 1977, ch. 127½, par. 127) to mean and include any explosive composition or combination of substances or articles "prepared for the purpose of producing a visible or audible effect of a temporary exhibitional nature by explosion, combustion, deflagration or detonation * * *." Specifically excluded from the devices proscribed are certain toys designed to fire caps containing twenty-five hundredths grains or less of explosive, and paper or plastic caps containing twenty hundredths grains or less of such a substance. Defendant contends on appeal that in the absence of laboratory analysis or other proof the evidence adduced at trial failed to

establish that the devices in question were within the statutory definition of "fireworks." We disagree. Testimony of experts based upon laboratory tests and analysis such as may be required to determine the actual identity of drugs is not necessarily required to ascertain whether an explosive falls within the statutory definition of "fireworks." The devices in question were described by witnesses as having fuses protruding from them, and the devices themselves were before the court as evidence. Furthermore, there was testimony that one of the objects sold, chosen at random, detonated with a loud report, even from a distance of 30 feet, leaving a burnt area of significant size. In evaluating this evidence the court could take cognizance of whatever may be known by common observation, since the court is presumed to be as well informed as the general public and can certainly take judicial notice of that which everyone knows to be true. (*People v. Tassone* (1968), 41 Ill. 2d 7, 12, 241 N.E.2d 419, 422, *cert. denied* (1969), 394 U.S. 965, 22 L. Ed. 2d 567, 89 S. Ct. 1318; *People v. Cain* (1973), 14 Ill. App. 3d 1003, 1006, 303 N.E.2d 756, 758.) The evidence in this case was sufficient to establish beyond a reasonble doubt the explosive nature of the contents of these devices and that they were proscribed "fireworks" as that term is defined in the statute.

*Zwick v. State* (1968), 250 Ind. 302, 236 N.E.2d 26, cited by defendant, is distinguishable in that the prosecution in that case introduced no evidence whatsoever, either in fact or by reference, to describe the nature of the articles which were involved there. This case, however, does not involve any such failure of proof.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

SEIDENFELD, P. J., and WOODWARD, J., concur.