HOLMES, Judge.
This is an appeal from a declaratory judgment.
United Parcel Service, Inc. (UPS) brought this action, seeking a declaratory judgment that it was not subject to taxation pursuant to Ala.Code (1975), §§ 40-21-60 and -61. The trial court, after an ore terms hearing, ruled in favor of UPS.
The Commissioner of Revenue appeals, and we affirm.
The sole issue on appeal is whether the trial court erred in finding that UPS was not an “express company” within the meaning of Ala.Code (1975), §§ 40-21-60 and -61. The statutes in question provide for a tax on all “express companies” doing business in the state of Alabama.
These two statutes contain the terms “express company” and “express business.” However, there is no definition provided for either term. It is the meaning of these two terms that is the center of the current dispute.
It is the Commissioner’s contention on appeal that UPS constitutes an “express company” within the context of the statutes and thus is subject to the taxation provided therein. We disagree.
In determining the meaning of the words “express company” and “express business,” we must look to the meaning that the legislature intended at the time of enactment. Sikes v. State, 67 Ala. 77 (1880). Although there are no Alabama cases that provide a definition for the terms in question, there are cases from other jurisdictions that are contemporaneous in time with the enactment of the statutes in question that provide definitions for “express company.”
In the case of Pacific Express Co. v. Seibert, 44 F. 310 (C.C.W.D.Mo.1890), the court defined “express company” as follows:
“It may be defined to be, a common carrier that carries at regular and stated times, over fixed and regular routes, money and other valuable packages, which cannot be conveniently or safely carried as common freight, and also other articles, and packages of any description, which the shipper desires, or the nature of the article requires, should have safe and rapid transit and quick delivery ....”
Seibert, 44 F. at 318. These same characteristics of “express companies” have been expressed in American Railway Express v. Wright, 128 Miss. 593, 91 So. 342 (1922), and Alsop v. Southern Express, 104 N.C. 278, 10 S.E. 297 (1889).
We find these cases to provide a sound basis for the resolution of this appeal. Put *677 another way, the characteristics, as indicated, provide the proper basis for determining if one is an “express company.” The legislature, in this instance, is the proper body to determine new and different characteristics. It is interesting to note that the Commissioner, in the past, has apparently accepted these characteristics as determinative since the inception of our taxing statute. Put another way, the Commissioner has apparently in the past not attempted to tax entities such as UPS as express companies.
The first characteristic which an “express company” is held to possess is that of “regular routes” and “regular schedules.” There was considerable evidence to support the trial court’s finding that UPS did not possess such regular routes or schedules. UPS has certificates from both the Interstate Commerce Commission and the Alabama Public Service Commission to operate as an irregular route carrier. Furthermore, UPS has no schedule for its daily pickups or deliveries.
A second characteristic of “express companies” is their transportation of “money and other valuable packages, which cannot be conveniently or safely carried as common freight.” Seibert, 44 F. at 318. It has also been held that “express companies” transport freight of a perishable nature requiring speedy transit. Pfister v. Central Pacific Railroad Co., 70 Cal. 169, 11 P. 686 (1886). The evidence did not show that UPS transports freight of an “unusual value” or freight that is perishable, requiring expeditious transit.
A third characteristic of “express companies” is that they provide a special service with regard to security, custody, or speed. See Seibert, 44 F. at 318. The transportation of valuable or “unusual value” freight requires security to secure safe passage. UPS provides no unusual security for the protection of its freight. Moreover, it was not shown that UPS furnishes the rapid service which is necessary for the transport of perishable and certain valuable freight. The UPS transportation system was shown to be prompt and reliable, but far from the expedited character necessary for an “express company.”
Additionally, it has been held that “express companies” provide their services at a premium price. The record, however, reflects that UPS is among the least expensive carriers of freight in the market.
In view of the above, we cannot say that the trial court, having been presented the evidence ore tenus, was so plainly or palpably wrong in holding UPS not to be an “express company” within the purview of Ala.Code (1975), §§ 40-21-60 and -61. Ross v. Luton, 456 So.2d 249 (Ala.1984). In fact, it appears to this court that the trial court was eminently correct.
This case is due to be and is hereby affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.