**STATE of Indiana, Plaintiff–Appellant,**

v.

**William F. TURNER, Jr., Defendant–Appellee.**

No. 82A01–8907–CR–269.

Court of Appeals of Indiana, First District.

Nov. 30, 1989.

Rehearing Denied Feb. 7, 1990.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for plaintiff-appellant.

Robert J. Hill, Jr., Bowman, Emery & Hill, Indianapolis, for defendant-appellee.

RATLIFF, Chief Judge.

### STATEMENT OF THE CASE

The State of Indiana appeals from the sustaining of the motion to dismiss [1] filed by the defendant William F. Turner, Jr., addressed to the information charging him with carrying a handgun without a permit.[2] We reverse and remand for trial.

### FACTS

On December 4, 1988, Turner, a truck driver for Yellow Freight Systems, was arrested while he was driving through Vanderburgh County on a trip from Chicago, Illinois, to Nashville, Tennessee, hauling merchandise and other materials, and charged with carrying a handgun without a permit. Turner was carrying a handgun in his boot and did not have a permit to carry it as required by statute.

1. Pursuant to Indiana Code section 35–38–4–2 the state is permitted to appeal the granting of a defense motion to dismiss.

2. Indiana Code section 35–47–2–1.

Turner moved to dismiss on the ground he was an employee of an express company engaged in company business at the time and thus exempt from the permit, requirement. Ind.Code 35–47–2–2. After a hearing on the motion, the trial court found Turner exempt and sustained the motion to dismiss.

## ISSUE

The issue before us is whether the trial court erred in dismissing the information on the ground Turner, at the time of the alleged offense, was an employee of an express company engaged in company business and therefore exempt from the permit requirement.

## DISCUSSION AND DECISION

■ Indiana Code section 35–47–2–1 prohibits carrying a handgun on the person or in any vehicle. However, I.C. 35–47–2–2(9) excepts "[e]mployees of express companies when engaged in company business." Therefore, unless Turner was an employee of an express company engaged in company business he was properly charged. It was Turner's burden to prove he came within the exception. *Moore v. State* (1977), 267 Ind. 270, 369 N.E.2d 628; *Washington v. State* (1987), Ind.App., 517 N.E.2d 77.

■ Resolution of the issue before us depends upon the definition of "express companies," for which no definition is provided in I.C. 35–47–2–2(9). Therefore, we must look to other sources. Turner argues, and apparently the trial court agreed, that Ind.Code section 8–2–11–1 provides the answer. That section provides:

"All co-partnerships, associations of persons, joint stock associations or companies, not organized or incorporated under the laws of this State, usually called express companies, regularly engaged or hereafter engaged in the business of carrying or transporting money, merchandise or other articles over or upon any of the railroads, rivers, canals, or other thoroughfares in this State, and receiving or agreeing to receive compensation for such services, are hereby declared common carriers, and shall be subject to all the liabilities to which common carriers, by law, are subject."

Focusing upon the words "engaged ... in the business of carrying or transporting ... merchandise or other articles over or upon ... thoroughfares in this State," Turner argues, and the trial court agreed, he was within the definition of "express company" in I.C. 8–2–11–1 because he was transporting merchandise and other articles over a public highway in this state. The fallacy in this argument is that I.C. 8–2–11–1 does not define the term "express companies." This statute merely provides that organizations "usually called express companies," whatever they may be, which transport the enumerated items over thoroughfares, are declared common carriers. Thus, the purpose of this statute is to declare express companies to be common carriers and to subject them to regulation as such.[3]

Because the term "express company" had not, at the time of Turner's arrest and charge, been defined by statute, we must look to other sources for a definition. In *United States Express Co. v. State* (1905), 164 Ind. 196, 73 N.E. 101, our supreme court dealt with a charge of violating a statute pertaining to express companies failing to deliver express matter. The court, in referring to the then effective version of I.C. 8–2–11–1 (Acts 1979, p. 146) said it was clear that when that act was adopted the words "all express companies doing business within the State of Indiana" had a settled meaning and were used in a generic sense which would include transporting parcels by express. Therefore, our supreme court concluded the term "express companies" was used generically. Because no further enlightenment is provided, we must look further for a definition. Such a definition, and a distinction between express companies and other large carriers of

---

**3.** I.C. 8–2–11–1 has been repealed effective March 1, 1990. Ind.Code section 8–2.1–21–1, effective July 1, 1989, now specifically defines

"express company," however, this statute was not in effect at the time of Turner's arrest.

freight, is found in 13 Am.Jr.2d, *Carriers,* sec. 15 (1964), where it is stated: "Express companies which are engaged in the business of transporting money, goods, and other small but valuable parcels for the public generally, as compared to the large mass of freight usually carried by railroads and ships, are generally considered to be common carriers." We would add "trucks" to railroads and ships in the foregoing definition.

The term "express company" is defined in Black's Law Dictionary, Rev. 4th ed., as follows:

"EXPRESS COMPANY. A firm or corporation engaged in the business of transporting parcels or other movable property, in the capacity of common carriers, and especially undertaking the safe carriage and speedy delivery of small but valuable packages of goods and money. *Alsop v. Southern Exp. Co.,* 104 N.C. 278, 10 S.E. 297, 6 L.R.A. 271; *Pfister v. Central Pac. Ry. Co.,* 70 Cal. 169, 11 P. 686, 59 Am.Rep. 404."

An express company further has been defined as:

"[A] common carrier that carries at regular and stated times, over fixed and regular routes, money and other valuable packages, which cannot be conveniently or safely carried as common freight, and also other articles, and packages of any description, which the shipper desires, or the nature of the article requires, should have safe and rapid transit and quick delivery...."

*Pacific Express Co. v. Seibert* (C.C.UV.D. Mo.1890), 44 F. 310, 318, as quoted in *White v. United Parcel Service, Inc.* (1985), Ala.Cir.App., 495 So.2d 675, 676. The Alabama court in *White* held that there are three characteristics of an express company. First is that of regular routes and regular schedules. Second is their transportation of money or other valuable packages which cannot be conveniently or safely carried as common freight. Third is their transportation of freight of a perishable nature requiring speedy transit. *White,* at 677.

It is clear from the record that Yellow Freight System was a carrier of common freight. The testimony of witness Frank Kocourek of the Chicago region safety department of Yellow Freight Systems was that Yellow Freight was a general commodities carrier, carrying general goods, common freight. Record at 65. Turner's own testimony was that Yellow Freight hauled about everything, money at times, ammunition, and anything allowed by Interstate Commerce Regulations. Record at 62. Kocourek, however, stated they did not carry money.

It is apparent to us that Turner was employed as a truck driver by a carrier of common freight. Such carriers are not express companies. *Seibert; White;* 13 Am. Jr.2d, Carriers, sec. 15 (1964). Therefore, Turner was not within the exception provided in I.C. 35–47–2–2(9), and is subject to prosecution for carrying a handgun without a permit in violation of I.C. 35–47–2–1. It was error to sustain the motion to dismiss.

Judgment reversed and cause remanded for trial.

ROBERTSON, J., concurs.

BAKER, J., dissents with separate opinion.

BAKER, Judge, dissenting.

Our supreme court has previously stated: It is a cardinal rule of criminal justice, however, that penal statutes are to be strictly construed against the state and that ambiguities therein are to be resolved in favor of the accused. *Utley v. State,* (1972) 258 Ind. 443, 281 N.E.2d 888; *Coleman v. State,* (1970) 253 Ind. 627, 256 N.E.2d 389; *Zwick v. State,* (1968) 250 Ind. 302, 236 N.E.2d 26; *State v. Gilbert* (1966), 247 Ind. 544, 219 N.E.2d 892; *Hutcherson v. State,* (1978) Ind. App., 382 N.E.2d 983; *Rose v. State,* (1976) 168 Ind. App. 674, 345 N.E.2d 257. *Pennington v. State* (1981), Ind., 426 N.E.2d 408, 410. The author of the majority has himself noted the applicability of this rule in *Gore v. State* (1983), Ind.App., 456 N.E.2d 1030, 1033, where it was stated

"any ambiguity is to be resolved in favor of the accused."

Both the State and Turner rely on the definition of "express company" provided in Black's Law Dictionary, Rev. 4th ed., to buttress their respective interpretations. The trial court determined that Turner, while driving for Yellow Freight System, a carrier of common freight, was included in the exception contained in IND.CODE 35–47–2–2. It is reasonable to infer that Judge Lockyear found an ambiguity and resolved it in Turner's favor as required by our adherence to the rule of strict construction. *Pennington, supra.* While I may accept the articulate analysis engaged in by the majority in trying to seek the definition of express company, I believe that reasonable people could differ as to that definition. Since any ambiguity is to be resolved strictly against the State and in favor of Turner, I cannot conclude that the trial court erred in resolving the ambiguity in Turner's favor.

Thus, I would affirm the trial court's decision.