Submitted on record and briefs August 22, affirmed October 16, 1978

STATE OF OREGON, *Respondent,*
*v.*
SAMUEL VERNON BILTON, *Appellant.*
(No. 24564, CA 10683)

585 P2d 50

Gary D. Babcock, Public Defender, and Thomas J. Crabtree, Deputy Public Defender, Salem, filed the brief for appellant.

John L. Snyder, District Attorney, Dallas, filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

THORNTON, J.

## THORNTON, J.

Defendant was convicted after jury trial of failure to appear in the first degree. ORS 162.205. He appeals, contending that testimony elicited from his former attorney violates the attorney-client privilege, and that the sentence imposed is excessive. We affirm.

Defendant was originally charged with felony driving while suspended, and an attorney was appointed to defend him. Through normal procedures, the case was set for trial on July 14, 1977. Defendant did not appear for that trial. At trial for the instant offense, the attorney testified, over objection, that he had informed defendant of the date of the trial. The central issue in this case is whether the attorney's testimony divulged any information defendant had a right to believe would remain confidential. ORS 44.040(1)(b). We hold that it did not.

First, is the defendant entitled to claim confidentiality as to the *fact* that he had consulted with his attorney about the matter, and second, assuming that he cannot claim confidentiality as to the *fact,* is he nevertheless entitled to claim confidentiality as to the content of the communication itself?

■ On the first aspect of the issue, we conclude that defendant was not entitled to claim confidentiality as to the fact that he had consulted with an attorney about the matter.

ORS 44.040(1)(b) provides:

"(1) There are particular relations in which it is the policy of the law to encourage confidence, and to preserve it inviolate; therefore a person cannot be examined as a witness in the following cases:

"* * * * *

"(b) An attorney shall not, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon, in the course of professional employment."

It is apparent from the foregoing provision that the privilege applies only to the communication itself and not to the fact that the client has consulted an attorney.

Apart from statute, the courts have held uniformly that since the privilege presupposes the existence of the attorney-client relationship, it does not attach to its creation or existence. *See,* 81 Am Jur 2d 244, Witnesses § 213 (1976); Annotation, 16 ALR3d 1047 (1967).

Although not precisely in point, our Supreme Court held in *In re Illidge,* 162 Or 393, 91 P2d 1100 (1939), that a client's employment of an attorney and the client's name and address are not privileged. *See also, Cole v. Johnson et al.,* 103 Or 319, 205 P 282 (1922).

■ As to the second aspect of the issue, namely, is the *subject matter* of the communication privileged, the answer here is, "no."

The identical contention was urged in *United States v. Woodruff,* 383 F Supp 696 (ED Pa 1974), where the government, which intended to seek an indictment against defendant on charges of bail jumping, moved the court to order defense counsel to respond to questions as to whether or not he had advised defendant as to the time and place of trial, and whether or not defendant responded or acknowledged that he understood the time and place of trial.

The court held that a communication between attorney and client in a criminal case as to the time and place of trial is not within the attorney-client privilege, since they are nonlegal in nature with counsel simply performing a notice function. Clearly, the date set for trial is a matter of public record and cannot conceivably be considered confidential.

Dean Wigmore, in commenting on this issue, states the applicable rule as follows:

"* * * [T]he mere relation of attorney and client does not raise a presumption of confidentiality, and the

circumstances are to indicate whether by implication the communication was of a sort intended to be confidential. * * *" 8 J. Wigmore, Evidence 599, 600, § 2311 (McNaughton rev 1961).

■ Lastly, defendant's sentence, within the maximum allowed by law, was neither excessive, cruel nor unusual. Here the court properly considered the criminal, and the crime. We find no reason to modify defendant's sentence. *State v. Dinkel,* 34 Or App 375, 579 P2d 245 (1978).

Affirmed.