Jerry HASKETT, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1–1278A350.

Court of Appeals of Indiana,
First District.

March 21, 1979.

Donald R. Peyton of Peyton & Giddings, Lebanon, for appellant.

Theo. L. Sendak, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Defendant-appellant Jerry Haskett (Haskett) alleges five specifications of error in appealing his conviction by a jury of the offense of failure to appear, *Ind. Code* 35–44–3–6.

Haskett first alleges error in the summary denial of his motion for a change of venue upon the authority of *Hanrahan v. State*, (1968) 251 Ind. 325, 241 N.E.2d 143. The *Hanrahan* court held the trial court abused its discretion in failing to provide a hearing on a change of venue motion filed pursuant to Ind. Rules of Procedure, Criminal Rule 12. We are constrained to point out, however, that *Hanrahan* has not been applied where the motion is untimely, *Epps v. State*, (1977) Ind., 369 N.E.2d 404, or where the denial does not rest solely upon the movant's credibility. *Stacks v. State*, (1978) Ind.App., 372 N.E.2d 1201.

■ Pauper counsel was appointed on April 5, 1978, and Haskett pled not guilty on July 7, 1978. The venue motion was not filed until July 18, 1978, and was therefore not within the ten day requirement of CR. 12. As such, it was incumbent upon Haskett to support his motion with specific allegations concerning the cause of delay, the reasons why the factual foundation of the motion could not have been discovered with due diligence within ten days of the plea, and when such facts were actually discovered. *Rex v. State*, (1976) Ind.App., 355 N.E.2d 282. Absent such a showing, it has been held that no error results from the denial of a hearing. *See Zelmer v. State*, (1978) Ind.App., 380 N.E.2d 618; *Rex, supra.*

■ We believe Haskett has failed to comply with CR. 12 and the above-cited cases. The exhibits relied upon by Haskett in his motion for change of venue due to prejudicial publicity were dated from sometime in October, 1973, through early April, 1978. Haskett was represented by counsel

in April of 1978 but failed to file until July 18, 1978. The motion contained no allegations of why it could not have been filed within ten days of July 7. Additionally, the factual basis was clearly present for a timely motion, and the trial court had the benefit of a memorandum in support of the motion with relevant exhibits appended thereto. As such, we are unable to conclude that the trial court erred in the summary denial of the motion.[1]

██ Haskett next alleges error in the denial of his request to take depositions in Florida at State expense. The ostensible purpose was to substantiate Haskett's defense for failure to appear due to medical reasons. It is settled, however, that orders with respect to discovery in *favor* of the defendant are not of constitutional dimension—such discovery is not required by due process. *State ex rel. Grammer v. Tippecanoe Circuit Court,* (1978) Ind., 377 N.E.2d 1359. Discovery rulings are within the discretion of the trial court and a reversal is proper only where an abuse has been shown. *Vaughn v. State,* (1978) Ind., 378 N.E.2d 859. In exercising its discretion, the trial court must balance the privileges between the parties. *Grammer, supra.* Since our trial rules provide for written depositions (TR. 31), and in light of the high cost to the State to transport Haskett's attorney to Florida, we hold the trial court did not abuse its discretion.[2]

██ Haskett's next issue challenges the exclusion of certain testimony. Facts relating to the issue are that Haskett's attorney, in the presence of a probation officer, and on the day before the trial spoke by telephone to officials at a Florida hospital. The probation officer was asked on cross-examination what she heard those officials say. The trial court sustained an objection based on hearsay. We see no error in the ruling—the proffered evidence was clearly hearsay as defined in *Harvey v. State,* (1971) 256 Ind. 473, 269 N.E.2d 759, and Haskett does

not attempt to bring it within an exception to the general hearsay rule.

██ For purposes of discussion we shall combine Haskett's final two issues. The first is whether his conduct constitutes an offense under IC 35-44-3-6, and, secondly, whether the evidence was sufficient to support the conviction.

Haskett was convicted of rape, let to bail, and ordered to appear for sentencing on January 20, 1978. He had also missed certain appointments with the probation officer prior to the 20th of January. On the 12th of January, Haskett called from somewhere north of Nashville, Tennessee, and said he had car trouble and that he would be home that night or the following morning. On the 23rd of January, a warrant, pursuant to IC 35-44-3-6, was issued. Haskett finally surrendered to the Sheriff on the 3rd of April, 1978.

IC 35-44-3-6 provides:

(a) A person who, having been released from lawful detention on condition that he appear at a specified time and place in connection with a charge of a crime, intentionally fails to appear at that time and place commits failure to appear, a Class A misdemeanor. However, the offense is a Class D felony if the charge was a felony charge.

(b) It is no defense that the accused person was not convicted of the crime with which he was originally charged.

(c) This section does not apply to obligations to appear incident to release under suspended sentence or on probation or parole. [as added by Acts 1976, P.L. 148, SEC. 4. Amended by Acts 1977, P.L. 340, SEC. 64.]

Lawful detention is defined in IC 35-41-1-2 as:

"Lawful detention" means arrest, custody following surrender in lieu of arrest, detention in a penal facility, detention in a facility for custody of persons alleged or

---

1. Haskett filed a second motion on August 10, 1978, which was also summarily denied. This denial was proper since the factual basis was merely cumulative.

2. In light of his failure to seek a continuance, Haskett may not complain that certain grounds for the deposition were not known until a day before trial.

found to be delinquent children, detention under a law authorizing civil commitment in lieu of criminal proceedings or authorizing such detention while criminal proceedings are held in abeyance, detention for extradition or deportation, or custody for purposes incident to any [to] the above including transportation, medical diagnosis or treatment, court appearances, work, or recreation, or any other detention for law enforcement purposes; but it does not include supervision of a person on probation or parole or constraint incidental to release with or without bail.

Haskett contends that these statutes do not embrace the situation presented here, *i.e.*, when the defendant is on bail pending sentencing. We are unable to concur in Haskett's contention. The plain meaning of subsection (c) in IC 35–44–3–6 is to exempt from prosecution thereunder only those cases wherein the criminal adjudicatory process has been *completed* and the defendant has been conditionally released from physical restraint. Together, these statutes evince a clear intent to cover all stages of the law enforcement process excepting only those situations where enforcement machinery operates merely in a supervisory capacity. Haskett's contention, if adopted, would result in the absurdity that a defendant is not lawfully detained after the jury has returned a verdict of guilty. We hold the statute applies to the case at bar and hence Haskett's contention is without merit.

 We also believe the evidence most favorable to the State sustains the conviction. Haskett only contends that the evidence is wanting with respect to his *intentional* failure to appear.

Intent may be presumed from the voluntary commission of a crime. *Black v. State*, (1971) 256 Ind. 487, 269 N.E.2d 870. Here, Haskett knew on January 4 that he was to appear on January 20. He called Sheriff Allen on or about January 12 from Tennessee and said he had car trouble but would report the next day. Allen also told him that a "pick up order" had been issued. Nevertheless, Haskett failed to appear until his voluntary surrender in April. In the absence of extenuating circumstances or lack of adequate notice, we believe the evidence before the jury was sufficient to support a finding that Haskett voluntarily and intentionally failed to appear.

Finding no reversible error, the trial court is affirmed.

Affirmed.

LOWDERMILK, J., concurs.

HOFFMAN, J., (participating by designation) concurs.