Argued and submitted June 17, affirmed October 12, reconsideration denied November 18, petition for review allowed December 6, 1983 (296 Or 195)
See 297 Or 84, 682 P2d 267 (1984)

## STATE OF OREGON,
*Respondent,*

*v.*

## MARK ALLEN OGLE,
*Appellant.*

(J81-2065; CA A26378)

670 P2d 222

Helen I. Bloch, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant appeals his conviction for failure to appear in the first degree. ORS 162.205. The issue is the scope of the lawyer-client privilege. OEC 503. We affirm.

The trial court ordered defendant's former attorney to testify whether he had sent a letter to defendant, notifying him of the arraignment date on pending forgery charges. The trial court sustained defendant's objection to the introduction of the letter, accepting the attorney's representation that it contained other matter, including legal advice to defendant. The attorney's testimony was limited to whether he had sent defendant notice of the court appearance date.

In *State v. Bilton,* 36 Or App 513, 585 P2d 50 (1978), a prosecution for failure to appear in the first degree, we held that the scope of the privilege, as then codified in former ORS 44.040(1)(b), did not encompass the testimony of the attorney that he had informed his client, the defendant, of the trial date. We reasoned that, because a trial date is a matter of public record, "it cannot conceivably be considered confidential." 36 Or App at 516. In arriving at that conclusion, *Bilton* relied on the rule stated by Wigmore, "* * * [T]he mere relation of attorney and client does not raise a presumption of confidentiality, and the circumstances are to indicate *whether by implication the communication was of a sort intended to be confidential.* * * * 8 J. Wigmore, Evidence 599, 600, § 2311 (McNaughton rev 1961)." 36 Or App at 516-17. (Emphasis supplied.)

After the *Bilton* decision, ORS 44.040(1)(b) was repealed, Or Laws 1981, ch 892, § 78, and OEC 503 was enacted. Defendant argues that the new formulation of the lawyer-client privilege has overruled *Bilton.* We disagree.

Former ORS 44.040(1)(b) provided:

"(b) An attorney shall not, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon, in the course of professional employment."

OEC 503 provides in part:

"(1)(b) 'Confidential communication': means a communication not intended to be disclosed to third persons other

than those to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication.

"* * * * *

"(2)   A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client:

"(a)   Between the client or the client's representative and the client's lawyer or a representative of the lawyer.

"* * * * *."

OEC 503 was not intended to change existing law, "although its coverage extends to areas in which current Oregon Law is silent or unclear." Commentary to Rule 503, *Proposed Oregon Evidence Code: Report of the Legislative Interim Committee on the Judiciary* (Dec. 1980) at 69. The definition of a confidential communication, OEC 503(1)(b), does not change the *Bilton* rule.

Affirmed.