**Denny CLEFF, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 42A01–9005–CR–209.

Court of Appeals of Indiana, First District.

Nov. 14, 1990.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Denny Cleff appeals his conviction of Failure to Appear, a class D felony.[1] We affirm.

## FACTS

Cleff was convicted of ten counts of drug related offenses on April 19, 1989. At that time he was released on bond pending sentencing, in that his pre-trial recognizance bond was continued, and sentencing was set for June 1, 1989, at 3:00 p.m. When Cleff failed to appear for sentencing, the charge which is the subject of this appeal was filed. Upon trial, Cleff was convicted and sentenced to a determinate term of three (3) years and six (6) months.[2]

## ISSUE

Cleff contends his conviction for failure to appear is not supported by sufficient evidence and is contrary to law. Those are the questions before us in this appeal.

## DISCUSSION AND DECISION

Cleff agrees he was told personally upon his conviction on April 19th to return for sentencing on June 1st at 3:00 p.m. He argues that because his former bond posted on March 9, 1989, was continued in effect, he was not released from custody on April 19th. Because he was not told on March 9th to appear on June 1st at 3:00 p.m., he argues the elements of the offense have not been established. We disagree.

The elements of the crime of failure to appear are that (1) a person released from lawful detention, (2) on condition he appear at a specific time and place, (3) in connection with a charge of a crime, (4) intention-ally fails to appear as specified. IND. CODE § 35–44–3–6; *Pennington v. State* (1981), Ind., 426 N.E.2d 408, 409–10.

Cleff's argument was rejected by this court in *Haskett v. State* (1979), 179 Ind. App. 655, 386 N.E.2d 1012, a case with strikingly similar facts. We quote at length from Judge Robertson's opinion in *Haskett:*

"For purposes of discussion we shall combine Haskett's final two issues. The first is whether his conduct constitutes an offense under IC 35–44–3–6, and, secondly, whether the evidence was sufficient to support the conviction.

"Haskett was convicted of rape, let to bail, and ordered to appear for sentencing on January 20, 1978. He had also missed certain appointments with the probation officer prior to the 20th of January. On the 12th of January, Haskett called from somewhere north of Nashville, Tennessee, and said he had car trouble and that he would be home that night or the following morning. On the 23rd of January, a warrant, pursuant to IC 35–44–3–6, was issued. Haskett finally surrendered to the Sheriff on the 3rd of April, 1978.

"IC 35–44–3–6 provides:

.    '(a) A person who, having been released from lawful detention on condition that he appear at a specified time and place in connection with a charge of a crime, intentionally fails to appear at that time and place commits failure to appear, a Class A misdemeanor. However, the offense is a Class D felony if the charge was a felony charge.

'(b) It is no defense that the accused person was not convicted of the crime with which he was originally charged.

'(c) This section does not apply to obligations to appear incident to release under suspended sentence or on probation or parole. As added by Acts 1976, P.L. 148, SEC. 4. Amended by Acts 1977, P.L. 340, SEC. 64.'

---

1. IND.CODE § 35–44–3–6.

2. *See* IND.CODE § 35–50–2–7.

"Lawful detention is defined in IC 35–41–1–2 as:

' "Lawful detention" means arrest, custody following surrender in lieu of arrest, detention in a penal facility, detention in a facility for custody of persons alleged or found to be delinquent children, detention under a law authorizing civil commitment in lieu of criminal proceedings or authorizing such detention while criminal proceedings are held in abeyance, detention for extradition or deportation, or custody for purposes incident to any of the above including transportation, medical diagnosis or treatment, court appearances, work, or recreation, or any other detention for law enforcement purposes; but it does not include supervision of a person on probation or parole or constraint incidental to release with or without bail.'

"Haskett contends that these statutes do not embrace the situation presented here, *i.e.*, when the defendant is on bail pending sentencing. We are unable to concur in Haskett's contention. The plain meaning of subsection (c) in IC 35–44–3–6 is to exempt from prosecution thereunder only those cases wherein the criminal adjudicatory process has been *completed* and the defendant has been conditionally released from physical restraint. Together, these statutes evince a clear intent to cover all stages of the law enforcement process excepting only those situations where enforcement machinery operates merely in a supervisory capacity. Haskett's contention, if adopted, would result in the absurdity that a defendant is not lawfully detained after the jury has returned a verdict of guilty. We hold the statute applies to the case at bar and hence Haskett's contention is without merit."

179 Ind.App. at 657–58, 386 N.E.2d at 1014, 1015.

Cleff attempts to argue *Haskett* is distinguishable and not controlling. We disagree. We view *Haskett* as being on all fours with this case, and our decision is governed by *Haskett.*

Cleff further contends the decision of our supreme court in *Pennington* supports his position. It does not. In *Pennington,* there was a complete failure of proof that the defendant knew he was to appear on a date certain in response to an *ex parte* order entered by the court 31 days after his conviction. No such failure of proof exists here. In fact, Cleff concedes he was informed personally by the court of his sentencing date at the time of his conviction.

Judgment affirmed.

MILLER, P.J., and BAKER, J., concur.