**Michael S. KORFF, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 17S03–9103–CR–219.**

Supreme Court of Indiana.

March 19, 1991.

Kirk D. Carpenter, Mefford & Carpenter, P.C., Auburn, for appellant.

Linley E. Pearson, Atty. Gen., Danielle Sheff, Deputy Atty. Gen., Indianapolis, for appellee.

### ON PETITION TO TRANSFER

KRAHULIK, Justice.

The State asks us to accept transfer of this case to resolve a conflict between the memorandum decision of the Court of Appeals and the cases of *Haskett v. State* (1979), 179 Ind.App. 655, 386 N.E.2d 1012, and *Abdul-Musawwir v. State* (1985), Ind. App., 483 N.E.2d 464, and to answer the question presented to the Court of Appeals in the interlocutory appeal, namely, whether it is a violation of the attorney-client privilege for an attorney to testify that he told his client of the time, date, and place of the client's trial. We accept transfer, resolve the conflict between the districts, and hold that it is not a violation of the attorney-client privilege for a lawyer to testify that he informed his client of the time, date and place of the client's trial.

Michael Korff was charged with having committed battery with a deadly weapon. Trial was set for February 8, 1988, and Korff was released by having posted a bail bond. He failed to appear for trial. His attorney, appearing for him, stated to the court that he had told Korff of the time, place and date of his trial and that he had told him that he needed to be there. The prosecuting attorney, on February 16, 1988, filed an affidavit of probable cause based upon the in court statement of Korff's attorney, resulting in Korff's being charged with failure to appear. Prior to the trial on the charge, Korff's new attorney filed a motion to supress the testimony of Korff's previous attorney on the grounds of the attorney-client privilege. After a hearing on the motion to supress, this interlocutory appeal followed.

The Court of Appeals, in a memorandum decision, did not reach the question presented by the interlocutory appeal but decided that the statute under which Korff was charged with failure to appear was inapplicable to Korff's situation because that statute, Ind.Code § 35-44-3-6(a), according to the Court of Appeals, applied only to persons released upon their own recognizance, whereas Korff was released on bail. 551 N.E.2d 486. The reasoning of the Court of Appeals is that Ind.Code § 27-10-2-8 (supp.1989) sets forth the procedure to be utilized when one is released on bail. The Court of Appeals reasoned that, because Korff was released on bail, the proper procedure was for the court to address its attentions to the bondsman and not to charge Korff with failure to appear under Ind.Code § 35-44-3-6.

## I. *Which Statute Is Applicable*

■ The opinion of the Court of Appeals is in conflict with two prior opinions, namely *Haskett v. State* (1979), 179 Ind.App. 655, 386 N.E.2d 1012, and *Abdul–Musawwir v. State* (1985), Ind.App., 483 N.E.2d 464. In *Haskett,* the defendant was convicted for failing to appear for sentencing after his conviction for rape. Haskett contended that the failure to appear statute does not embrace the situation presented when the defendant is on bail pending sentencing. The Court of Appeals held that he was incorrect and affirmed the conviction. Later, in *Abdul–Musawwir* the Court of Appeals upheld the defendant's conviction for failure to appear where the defendant had been released on bail. The issue of whether the statute was applicable to persons released on bail was not specifically addressed by the *Abdul–Musawwir* court. However, as in *Haskett,* the defendant's release on bail did not deter the Court of Appeals from affirming the defendant's convictions.

We believe that Ind.Code § 35–44–3–6 does apply to defendants who are released on bail as well as to those who are released on their own recognizance. Those who fail to appear in court, after having been released on bail, should not enjoy an advantage of being immune from the failure-to-appear penalties found in the statute. It appears reasonable to us that the failure-to-appear statute and the statutes regulating bondsmen and insurers are compatible, and that no distinction was intended between defendants released on bail and those released on their own recognizance.

## II. *Was The Communication Confidential?*

■ The specific question addressed by this interlocutory appeal has not been answered by any appellate court in this state. Consequently, we look to the law of other jurisdictions to aid us in reaching the correct decision. Our research leads us to conclude what other jurisdictions have unanimously concluded, viz., that the communication of an attorney to his client of the date, time and place of a hearing is not privileged either under the common law or pursuant to any statute defining the attorney-client privilege. *United States v. Bourassa* (10th Cir.1969), 411 F.2d 69, 74, cert. denied, 396 U.S. 915, 90 S.Ct. 235, 24 L.Ed.2d 192; *United States v. Freeman* (9th Cir.1975), 519 F.2d 67, 68–69; *In re Grand Jury Proceedings, Des Moines, Iowa* (8th Cir.1977), 568 F.2d 555, 556–57, cert. denied, 435 U.S. 999, 98 S.Ct. 1656, 56 L.Ed.2d 90; *United States v. Uptain* (5th Cir.1977), 552 F.2d 1108, 1109, cert. denied, 434 U.S. 866, 98 S.Ct. 202, 54 L.Ed.2d 142; *State v. Bilton* (1978), 36 Or.App. 513, 585 P.2d 50; *State v. Ogle* (1984), 297 Or. 84, 682 P.2d 267; *State v. Breazeale* (1986), 11 Kan.App.2d 103, 713 P.2d 973, 974–76; *State v. Fingers* (1978), Mo.App., 564 S.W.2d 579, 579–82; and *Watkins v. State* (1987), Fla.App., 516 So.2d 1043. The reasons stated in the above cases in support of the unanimous holdings are many, i.e., the system will collapse if the courts cannot rely on attorneys to notify their clients of trial dates; relating the information regarding time and place of trial and necessity for a client to appear is a counsellor's duty as an officer of the court; the attorney is merely relating information accessible from public records. Underlying all of the opinions, however, is the simple observation that relating to a client the public information of the client's time and place of trial simply is not a confidential communication and, thus, is not afforded the protection of the attorney-client privilege.

The Indiana statute protecting the attorney-client privilege, Ind.Code § 34–1–14–5, does not protect *all* communications between attorneys and clients, but only those "confidential communications made to them (attorneys) in the course of their professional business, and as to advice given in such cases." We hold that a communication from an attorney to his client relating the date, place and time of the client's court appearance is not a privileged communication and that testimony concerning such notification is admissible.

Transfer is accepted. The memorandum decision of the Court of Appeals is vacated, and this cause is remanded to the trial court for further proceedings.

SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.

DeBRULER, J., dissents with opinion.

DeBRULER, Justice, dissenting.

In *Pennington v. State* (1981), Ind., 426 N.E.2d 408, this Court construed I.C. 35-44-3-6, the statute creating the crime of failure to appear, to apply to a person whose release from lawful detention was conditioned upon his appearance at a specified time and place. This construction of the statute forecloses as a matter of stare decisis the construction of the statute arrived at in the majority opinion. The release of a person from lawful detention on bail is not conditioned upon appearance at a specified time, but is instead conditioned upon an agreement to appear according to the terms of the recognizance bond, which in the case at bar here, according to the charging information, required appearance at all necessary times. The trial court is then required to give notice of specific trial and hearing dates to the surety, and a failure of the defendant to thereafter appear in court as required is declared to be a breach of the undertaking. I.C. 27-10-2-8. The purpose of the statute creating the crime of failure to appear and purpose of the statute permitting release upon the undertaking of sureties are the same, i.e., to motivate and secure attendance of the defendant in court. The criminal statute fulfills the purpose when the defendant is released on his own recognizance. The undertaking by the surety fulfills this purpose when the defendant is released on the recognizance of another. As construed by *Pennington*, the crime of failure to appear does not apply to the circumstances described in the charge against appellant Korff.

When the statute creating the crime of failure to appear is properly restricted in scope, the prosecution makes a prima facie case at trial by presenting proof that the defendant did not appear at a time and place which was specified to him on his release from lawful detention. In that event, there is no need for the prosecution to call the defendant's former lawyer as a witness to testify about having given notice to his client, as is proposed by the prosecutor in this case. Having been unable to convince the Court of the validity of the above propositions, I turn to consider the question of privilege.

The Indiana statute renders advice given by a lawyer to his client privileged. I.C. 34-1-14-5. The rules of professional conduct enjoin lawyers from revealing information relating to representation of a client. Ind. Professional Conduct Rule 1.6. According to the Affidavit of Probable Cause, which appears in the trial record at page 07, the prosecution proposed to call appellant's former defense attorney to testify that "he told Mr. Korff of the time, place and date of his trial and, further told him that he needed to be there." In my opinion, this proposed testimony of the lawyer should be suppressed on the basis of appellant's claim of privilege. It is legal "advice" and "information relating to representation." I see nothing in the reasoning of the courts in other jurisdictions which detracts significantly from this conclusion. I therefore respectfully dissent.