**Tony REYNOLDS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 1997–CA–003159–MR.**

Court of Appeals of Kentucky.

May 21, 1999.

Irvin J. Halbleib, Louisville, for Appellant.

A.B. Chandler, III, Attorney General, Matthew D. Nelson, Assistant Attorney General, Frankfort, for Appellee.

Before: EMBERTON, KNOPF, and KNOX, Judges.

*OPINION*

KNOX, Judge.

Tony Reynolds (Reynolds) appeals from his conviction by an Allen County Circuit Court jury of the offense of first-degree bail jumping. Reynolds was sentenced to five years, to be served consecutively with a prior ten-year sentence stemming from convictions of criminal attempt to commit murder and first-degree burglary.

In March 1995, Reynolds was found guilty of criminal attempt to commit murder and first-degree burglary and sentenced to ten (10) years. He appealed that conviction and was released on an appeal bond in the amount of $25,000. By way of order setting Reynolds' bail pending appeal, the trial court permitted Reynolds to deposit ten percent (10%) of the amount of the bail, with the remaining bail amount secured by sureties. Among the conditions in that order, dated June 22, 1995, "nunc pro tunc" to June 20, 1995, were the following:

(4) A nonfinancial condition, that the defendant shall report to Allen County Probation Officer Todd Calvert each week, during which time he shall be subject to warrantless searches and seizures and drug and alcohol testing;

. . . .

At such time as the defendant shall meet the financial conditions (10% cash deposit and court approved surety) of bail, he shall be released into the custody of his surety to be taken to the office of the Clerk of this Court, where he and his surety shall execute the required bail bond, and a copy of this order, signed by the defendant and by his surety, shall be appended as a part of his bail bond and made a part thereof so as to incorporate the above-stated nonfinancial conditions into the bail bond.

On June 22, 1995, Reynolds, with his surety, executed an appeal bond. The conditions stated therein were to "not committ [sic] anymore offenses, keep circuit clerk advised of any change in address and attend all court proceedings. SEE CONDITIONS LISTED ON ORDER SETTING BAIL DATED 6–22–95." Further, the bond contained the following language: "DUE in courtroom ___ at ___ AM/PM on WHEN NOTIFIED or when notified and you must appear at all subsequent continued dates. You must also appear ___[.]" Reynolds' address was listed as 122 Corinth Road, Portland, Tennessee 37148.

Reynolds then appealed his convictions for criminal attempt to commit murder and first-degree burglary to this Court, which affirmed. After being notified of Reynolds' unsuccessful appeal, the trial court, by order entered October 16, 1996, issued a bench warrant for Reynolds' arrest, directing that Reynolds "shall forthwith surrender himself into the custody of the Kentucky Department of Corrections for service of sentence herein[.]" The Allen County Circuit Clerk was instructed to send copies of the order to Reynolds' trial counsel, the public advocate who represented Reynolds on appeal, and the prose-

cuting authorities.[1]

When Reynolds did not surrender himself, the trial court, by order entered November 22, 1996, summoned the sureties on Reynolds' bond to court for the purpose of considering their liability on Reynolds' appeal bond.[2] Pursuant to the order, a hearing on the matter was held on December 3, 1996. A subsequent hearing involving the same issue was held on December 17, 1996. Reynolds did not appear at either of the hearings. Finally, on February 15, 1997, the trial court's bench warrant was served upon Reynolds, and he was arrested.

Reynolds' trial for bail jumping was set for November 5, 1997. Just prior to the commencement of the trial, the Commonwealth moved to amend the indictment which charged that Reynolds committed the offense of bail jumping "on or about or during and between October 16, 1996, and November 22, 1996." The Commonwealth proposed the indictment read that Reynolds committed the offense "on or about or during and between November 22, 1996, and February 15, 1997," taking the position it could not prove that Reynolds had received the court's order of October 16, 1996, directing Reynolds to surrender himself. However, the Commonwealth contended, it could present evidence of Reynolds' actions taken after the court issued its order of November 22, 1996, setting a hearing on the issue of the sureties' liability, which would indicate that Reynolds knew, and had been duly notified, that he was to appear in court. The trial court sustained the Commonwealth's motion to amend.

In addition, Reynolds' counsel moved the court to disallow the testimony of the local probation officer the Commonwealth sought to call. At the hearing held on this motion, the Commonwealth represented that the probation officer was expected to testify that, after the opinion affirming Reynolds' convictions was issued by this Court, Reynolds, who had previously met with the probation officer weekly as required by the conditions of his bond, failed to meet with the probation officer further. However, because the Commonwealth had failed to inform Reynolds' counsel of its intent to call the probation officer as a witness, the trial court sustained Reynolds' motion to disallow that testimony.

At trial, the Commonwealth called only the Allen County Circuit Clerk. With respect to the trial court's order of November 22, 1996, setting the hearing upon the issue of the sureties' liability on Reynolds' appeal bond, the circuit clerk testified that notice of the hearing was sent to the prosecuting authorities, defense counsel, and the attorneys for the sureties. No notice was sent to Reynolds.

Reynolds presents two arguments in this appeal: (1) because he was not given a time certain for his appearance in court, he cannot be convicted of first-degree bail jumping; and, (2) he was prejudiced by the belated amendment of the indictment charging him with first-degree bail jumping.

■ KRS 520.070, the statute setting forth the elements of first-degree bail jumping, reads in pertinent part:

(1) A person is guilty of bail jumping in the first degree when, having been released from custody by court order, with or without bail, upon condition that he will subsequently appear at a specified time and place in connection with a charge of having committed a felony, he intentionally fails to appear at that time and place.

(2) In any prosecution for bail jumping, the defendant may prove in exculpation that his failure to appear was unavoid-

---

1. At trial, the circuit clerk testified her computer records showed that Reynolds was also sent a copy, although the order did not state he was to be notified.

2. We are unable to locate that particular order in the record. However, there appears no question but that Reynolds was not notified of the order.

able and due to circumstances beyond his control.

Reynolds argues since the appeal bond signed by him on June 22, 1995, provides that he is to appear in court only "when notified," he was not directed to appear "at a specified time," pursuant to the statute, and therefore cannot be convicted of first-degree bail jumping. Having found no Kentucky authority on point, we note that Indiana courts addressing statutes of similar language have taken the position that one cannot be convicted for the offense of failure to appear where he was not notified, upon his release from custody on bail, to be in court at a specified time. *Pennington v. State*, 426 N.E.2d 408 (Ind. 1981).

Here, the jury heard no evidence that Reynolds was told, upon his release on bail, to be in court at a specified time. Rather, the jury heard testimony only that Reynolds' first notification that he was to be in court was the order of November 22, 1996, setting a hearing upon his sureties' obligations. However, no notice of that hearing was mailed directly to him. Rather, all notices were mailed to other persons, including Reynolds' counsel. Considering the express language of KRS 520.070 that a defendant be notified upon release of a specified time and place for appearance, we do not believe the Commonwealth sustained its burden of proving the elements of bail jumping in the first degree.

■ We note with interest that Reynolds' appeal bond of June 22, 1996, incorporated the conditions set forth in the trial court's order setting Reynolds' bail pending appeal, one of which was that Reynolds report weekly to the probation and parole officer. At the hearing addressing Reynolds' motion to disallow the probation and parole officer's testimony, the Commonwealth represented that the officer would testify that Reynolds indeed met weekly with him until this Court issued its opinion affirming Reynolds' convictions, at which point Reynolds failed to meet further with the officer.

We believe the fact that Reynolds met at weekly intervals with the probation and parole officer constitutes evidence that Reynolds understood he had an obligation to do so as a condition of his release. Further, we believe Reynolds' failure to comply with that condition after his convictions had been affirmed by this Court constitutes evidence that he did, indeed, jump bail. However, since the probation and parole officer did not testify, the jury did not hear that evidence, which would have been the only testimony presented that Reynolds had been directed to meet at specified times and places as a condition of his release. Since the jury heard no such evidence, we believe that Reynolds' bail jumping conviction must be reversed.

Because Reynolds' conviction is being reversed on the grounds that the jury did not hear evidence that as a condition of his bail Reynolds had been directed to appear at a specified time and place, we need not address the issue raised by Reynolds related to the amendment of the indictment.

Accordingly, for the foregoing reasons, we reverse the judgment of the Allen Circuit Court.

KNOPF, Judge, concurs.

EMBERTON, Judge, dissents.